Turley, J.
delivered the opinion of the court.
Several exceptions to the regularity of the proceedings in this case in the court below are taken by the plaintiff in error, and for which a reversal of the judgment is asked at the hands of this court. 1st. The death of one of the defendants was suggested, and that he had no personal representative, whereupon the defendant elected to proceed against the survivor. It is alleged that there is error in this, because the order allowing the proceeding does not show that the court was satisfied of the truth of the facts suggested. We do not think that there is any error in this. The order need not show that the court was satisfied of the truth of the fact's suggested. It is sufficient that the facts are suggested, and upon such suggestion the plaintiff may elect to proceed against the survivor by the express provisions of the second section of the act of 1825, chapter 65, which is in the words following: “ If the plaintiff or plaintiffs will suggest the death of one or more of the defendants upon record, and that he, she or they have no executor or administrator, such plaintiff or plaintiffs may elect to proceed to trial against the surviving defendant or defendantsand, furthermore, this is a joint action, *235 and tbe plaintiff had the right to enter a nolle prosequi as to one of the defendants, and proceed to judgment against the other, and this by the provisions of the act of 1835, ch. 87, which provides “that, in all suits which may hereafter be commenced against two or more defendants, it shall be lawful for the plaintiff or plaintiffs at any time during the pendency of said suit, to enter a nolle prosequi as to any one or more of said defendants, and proceed against the remainder.” The entry in this case would be held, if it were necessary to do so, to be an informal nolle prosequi. 2d. It is objected that the court allowed the plaintiff to read, after objection thereto, a subpoena for a witness and the return thereon to the jury. This objection sticks in the bark. The subpoena and return contained no evidence of any fact, but that a subpoena had been issued for a witness and had been returned executed by the proper officer. These facts had nothing whatever to do with any matter in controversy before the jury and could by no possibility have affected the verdict. If the circuit judge chose to waste time with the reading of subpoenas, let him do so; but we will not reverse his judgment therefor. 3d. It is objected that the court -erred in refusing to postpone the motion for a new trial till a witness could be had, about whose testimony the adverse counsel in the case so differed that they could not agree so as to insert it in the bill of exceptions. The bill of exceptions upon this point shows that the judge concurred in opinion with the counsel for the defendant in error, as to what the witness deposed to, but nevertheless excluded his testimony from the bill of exceptions, and would not wait for the witness to be sent for to explain his own testimony. We think the circuit judge should have put the substance of the testimony of *236 the witness in the bill of exceptions,- as he himself understood it, but his not doing so is no error for which this court can reverse. To reverse for this reason, would be to assume that the testimony of the witness was of such a character as rendered the action of the juty rash in finding the verdict; so much so, indeed, as to warrant this court in setting it aside, as being against evidence and unsupported by proof. This would be a petilio principii, and allowing the plaintiff a benefit from a want of the proof, which it is most probable he would not have had, had it been contained in the bill of exceptions. But, furthermore, we must examine the case here upon the facts as contained in the bill of exceptions, and not upon a suppositious conception of what they might have been if the bill of exceptions had been drawn up as it should have been. If a judge refuse a bill-of exceptions, it is no cause of error, the only redress is by mandamus in a case properly made out; a fortiori is this so, when he will sign an imperfect bill of exceptions, and none other. To hold otherwise, would necessarily involve us in the absurdity above alluded to. A new trial is granted for want of the proof, which might not have been granted if it were before us. We cannot reverse the judgment, and send the case back to the circuit judge to make and sign a new bill of exceptions, including the proof of the witness, and then send the case up to us again in order that we may see whether a new trial upon his testimony should be given. 4th. It is said there is error in the charge of the court to the jury in this: “The court said that if the jury believed from the testimony in the case that Miller, after he had pm-chased the colts or horses (the subject matter of this controversy,) at execution sale, agreed with Koger that he might redeem or re-purchase said colts or horses *237 at a certain price, and that Koger paid that price to Miller, and Miller accepted it. and agreed to deliver them up to him, and then Koger afterwards demanded them, and Miller refused to deliver them, the plaintiff had made out his action and was entitled to recover when in fact in such case the only remedy is by action on the contract. This assumption is based upon the idea that the case, as put by the judge, is only a contract to sell and not ipso facto a sale. We think otherwise. We have repeatedly held and that supported by abundant authority that if one man says I will take a certain sum for a specific thing, and another says I will give it, it is an executed contract, and that the vendee upon tendering the purchase money may have an action for the thing, and the vendor by tendering the thing may have an action for the money. But the case, as put by the judge, is stronger than this. For here there is not only an agreement to receive the purchase money, and deliver the horses, but a reception of the money and a promise consequent thereon to deliver them. This unquestionably vested a clear legal title to the horses in the plaintiff, and well warranted his action of trover upon a demand of delivery and a refusal on the part of tbe defendant, Miller. 5th. It is argued that the verdict is against the weight of evidence. We have so repeatedly held that we will not grant new trials in such cases upon the weight of evidence, but will sustain the verdict, if there be proof to sustain it, that we deem it unnecessary to reiterate it. Without entering into an investigation of the evidence, a thing wholly useless in our opinion, we deem it sufficient to say that we think there was no rashness on the part of the jury in finding this verdict; that it is sustained 'by proof, and ought not under our practice, long established *238 and based upon wise and necessary principles, to be set aside.
The judgment of the Circuit Court will, therefore, be, in all things, affirmed.